# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILFRED L. ANDERSON, Pro Se<br>7230 Kinsman Road #213<br>Cleveland, OH 44104-4151<br><br>**Plaintiff**<br><br>VS.<br><br>JUDGE FRANK D. CELEBREEZE, JR.<br>8th District Court of Appeals<br>1 W Lakeside Ave #202<br>Cleveland, OH 44113<br><br>**Respondent** | CASE#: **FILED**<br>MAY 13 2019<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF OHIO<br>CLEVELAND<br><br>**NOTICE OF CONSTITUTIONAL**<br>**CHALLENGE OF STATUTE**<br><br>**1:19 CV 01079**<br>**JUDGE BOYKO**<br>**MAG. JUDGE BAUGHMAN** |

# NOTICE OF CONSTITUTIONAL CHALLENGE OF STATUTE

Pursuant to Rule 5.1(a) of the Federal Rules of Civil Procedure, Plaintiff respectfully files this Notice of Constitutional Challenge of Statute with this Court, with notice via service to the Attorney General of Ohio (the "Attorney General"). Plaintiff shows the following partial Ohio Revised Code statue to be challenged:

1

1) ORC 2323.52 (F)(2)
   A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. The court of appeals shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application. If a person who has been found to be a vexatious litigator under this section requests the court of appeals to grant the person leave to proceed as described in division (F)(2) of this section, the period of time commencing with the filing with the court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made.

2) In March 2015 Plaintiff was designated a vexatious litigator.

3) On May 21, 2015, Plaintiff was designated a civil protection order "stalker" after a CPO was initiated by Luann Mitchell("Mitchell"), who also initiated the vexatious litigator motion. Ms. Mitchell was later indicted for perjury (Exhibit "A") for false statement made to obtain the civil protection order. There was also substantial tampering with evidence and a fraud upon the court,

4) Just as was done in the strangely *ex parte* vexatious litigator hearing, but that is addressed in a separate case.

5) On June 19, 2015, Plaintiff filed a timely appeal as of right (Exhibit "B"), against the "stalker" designation, but that appeal was labeled-in-error, then ultimately dismissed because Plaintiff was a vexatious litigator. (Exhibit "C")

6) The vexatious litigator statue prevents a person from initiating a civil action, or an appeal, without permission, but the constitutional question is whether or not the ORC 2323.52(F)(2) statue is designed to prevent an appellant challenge to an adverse decision that was not initiated by the vexatious litigator.

### The Pertinent Question of Defense

7) Does this statue prevent a vexatious litigator <u>defendant</u> in a civil protection order, from initiating an appeal of right after an adverse judgment, which was not initiated by him? And by the way, fraudulently rendered.

8) This overall statue did not prevent the defendant from testifying in his defense without permission.

9) If he can testify in defense, does this statue prevent a defendant from filing motions in his defense when that "defendant" did not institute the legal proceeding? Without permission?

10) Coincidently, the defendant's motions were struck from consideration <u>in the trial</u> because of the vexatious status.

11) **It is apparent from this mishandling of this legal situation that the Defendant (Respondent) in the Common Pleas case was prevented from initiating a defensive appeal of right by the inappropriate application of ORC 2323.52(F)(2), when his appeal were rejected as vexatious.**

### Vagueness

12) Therefore, Plaintiff challenges the as-applied constitutionality of ORC 2323.52(F)(2) on the grounds of vagueness, in the given case, that it may be interpreted to block a defendant's right to an effective defense in the form of an appeal of right.

13) WHEREFORE, Plaintiff prays that this Honorable Court will grant this constitutional challenge in favor of the Plaintiff, and ORDER Judge FRANK D. CELEBREEZE, JR. and/or the Eight District Appeals Court to hear the appeal in question.

### Prospective

14) A "Motion to Set Aside a Void Judgment Procured by Fraud upon the Court" will be filed in this case (CV-15-820828) in the Common Pleas Court, or in the same appeals court case, shortly after this action is filed in District Court, and that motion to vacate a void judgment is not time barred, and can be filed at any time.

15) The as-applied constitutional question is whether it can be arbitrarily dismissed without a request to proceed, all of which seem to be uniformly rejected, regardless of the merits of the request.

16) "[A] void judgment, order, or decree may be attacked at any time or in any court, either directly or collaterally, without any showing of diligence or a meritorious defense.  Evans v. Corporate Services, 207 Ill.App.3d 297, 301, 152 Ill.Dec. 191, 565 N.E.2d 724 (1990).

17) Hence, this action is relevant in the near future.

Respectfully submitted,

_____
Wilfred L. Anderson, MD, Creditor, Defendant, Pro Se
wilfredanderson@adelphia.net
(216)245-8744

## CERTIFICATION

CERTIFICATION BY THE COURT. The court must, under 28 U.S.C. § 2403, certify to the appropriate (Ohio) attorney general that a statute has been questioned.

## Certificate of Service

A true copy of this complaint was e-mailed on the date filed to:

DAVE YOST - Ohio Attorney General
constitution.mail@ohioattorneygeneral.gov
Counsel for Respondent
JUDGE FRANK D. CELEBREEZE, JR.

_____

Exhibit A – Indictment

Exhibit B – appeal 6/16/2015 pages 1-2

Exhibit C – dismissal of appeal