# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILFRED L. ANDERSON, | ) | CASE NO. 1:19CV1079 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JUDGE FRANK D. CELEBREEZE, | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

*Pro se* Plaintiff Wilfred L. Anderson filed this action against Ohio Eighth District Court of Appeals Judge Frank Celebreeze challenging the constitutionality of Ohio's vexatious litigator statute, Ohio Rev. Code 2323.52(F)(2), under which he was designated a vexatious litigator by an Ohio court in March 2015. (ECF DKT #1 ¶ 1-2). On May 21, 2015, a civil protection order sought by Luann Mitchell was issued against Anderson. He claims that his status as a vexatious litigator prevents him from appealing the civil protection order. (*Id*. ¶ 3-12).

For the reasons that follow, Anderson's motion to proceed *in forma pauperis* (ECF DKT #2) is denied and this action is dismissed.

## I. BACKGROUND

Anderson is a familiar litigant in this Court as well as the Cuyahoga County Court of Common Pleas and the Summit County Court of Common Pleas. That litigation history is summarized in a decision recently rendered by another branch of this court. *Anderson v. Gallagher*, No. 1:19 CV 1072, 2019 WL 4071647 (N.D. Ohio Aug. 29, 2019). In that decision,

Anderson challenged the constitutionality of Ohio's vexatious litigator statute and, as he has done repeatedly before, challenged the Ohio court's determination that he is a vexatious litigant. *Id*. at *1 (collecting cases). The court in *Anderson v. Gallagher* found that:

> This Court has repeatedly held that it does not have jurisdiction to overturn a state court judgment, and cannot interfere with on-going state court proceedings involving matters of state law. ... This Court cannot rehear matters that were already decided by the state courts and cannot enjoin them from enforcing their judgments. Furthermore, the Judges and the Courts are immune from damages. Regardless of whether the Judges of this federal court agree or disagree with the findings and judgments of the state courts, they cannot consider the merits of Plaintiff's claims or grant him relief. Nevertheless ... Plaintiff continues to file cases in this Court ... trying to find a new procedural loophole which will allow this Court to intervene and overturn the state courts' judgments. ... In this case, he filed a Notice of Constitutional Challenge. He hopes that by obtaining this declaration, it will void the vexatious litigant judgment in the state court case. In the end, the answer is the same. This Court does not have jurisdiction to grant the relief he is requesting.

*Id*. at *1-2 (internal citations omitted).

The repeated filings in the Northern District of Ohio dismissed under 28 U.S.C. § 1915(e) caused the court in *Anderson v. Gallagher* to observe that:

> Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system at tax payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

*Anderson*, 2019 WL 4071647, at *2.

The court in *Anderson v. Gallagher* then concluded that Anderson had abused the privilege of proceeding in federal court as a pauper by repeatedly filing frivolous, harassing and duplicative lawsuits and denied Anderson's right to proceed in that action without payment of

2

the filing fee. *Id*. (citing among authority *In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam)).

## II. DISCUSSION

In this case, Anderson again challenges his designation as a vexatious litigator by the Ohio courts and the constitutionality of Ohio's vexatious litigator statute. Anderson asks this Court to order the Ohio Eighth District Court of Appeals to hear his challenge to the lower court decision designating him a "stalker." (*See* ECF DKT #1 ¶ 12-15). Like the cases filed in the Northern District of Ohio that came before, Anderson's claims in this case are the latest in a series of failed efforts to challenge his designation as a vexatious litigator by the Ohio courts. Anderson's persistent, duplicative and frivolous filings in this regard constitute an abuse of the privilege to proceed *in forma pauperis* and his motion to do so in this case is denied. *In re McDonald*, 489 U.S. at 184-85; *Maxberry*, 879 F.2d at 224.

## III. CONCLUSION

Anderson's motion to proceed *in forma pauperis* is denied and this case is dismissed. Plaintiff may file a Motion to Reopen this case within thirty days from the date of this Order of Dismissal if he pays the full filing fee of $400.00 prior to or contemporaneously with the motion. The Clerk is directed not to accept any documents for filing in this case, including the Motion to Reopen, unless and until the full filing fee is paid. The Clerk's Office is instructed to return, unfiled, any documents submitted in this case without the filing fee.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko

**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated:** January 10, 2020